HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH R. KALAC,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 17-1090-RAJ

ORDER

This matter comes before the Court on Petitioner Joseph R. Kalac's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Dkt. # 1. For the reasons that follow, the Court **DENIES** Mr. Kalac's motion. Dkt. ## 1, 7.

**I.    BACKGROUND**

On July 24, 2013, the grand jury returned an indictment against Mr. Kalac. *United States v. Joseph R. Kalac*, Case No. CR13-224-RAJ, Dkt. # 1 (W.D. Wash. July 24, 2013). On November 14, 2013, the grand jury returned a seven-count superseding indictment against Mr. Kalac, charging Mr. Kalac with (1) Possession of Heroin with Intent to Distribute, (2) Possession of Methamphetamine with Intent to Distribute, (3) Possession of Cocaine Base with Intent to Distribute, (4) Possession of a Firearm, (5) Felon in Possession of a Firearm, (6) Felon in Possession of Ammunition, and (7) Failure to Surrender for Service of Sentence. *Id.* at Dkt. # 34. The Court severed Count 7. *Id.* at

ORDER – 1

Dkt. # 134. On September 15, 2014, the jury trial commenced on Counts 1 through 6. *Id.* at Dkt. # 15.

Before trial, Mr. Kalac's trial counsel filed several motions, including motions in *limine*, a motion to sever counts, a discovery motion, a motion to suppress evidence, and a motion to dismiss. *Id.* at Dkt. ## 20-22, 54, 78. Mr. Kalac requested a *Franks* hearing, contending that a search warrant affidavit utilized to secure a search warrant contained reckless or intentional false statements. *Id.* at Dkt. # 21 at 6. The Court determined that Mr. Kalac did not meet the materiality standard to warrant a *Franks* hearing. *Id.* at Dkt. # 42 at 2. Mr. Kalac's motions in *limine* were granted and denied in part. *Id.* at Dkt. ## 46, 63. Mr. Kalac also moved to suppress the physical evidence seized by the Snohomish County Sherriff's Office. *Id.* at Dkt. # 21. Following an evidentiary hearing on the matter, Mr. Kalac's motion to suppress evidence was denied. *Id.* at Dkt. ## 49, 53.

The Court sentenced Mr. Kalac to a total term of imprisonment of 168 months and one day. *Id.* at Dkt. # 169. Following entry of judgment, Mr. Kalac appealed his conviction on Counts 1 through 6, arguing that the Court abused its discretion in admitting evidence of his prior possession of cocaine charge. *Id.* at Dkt. # 170. The Ninth Circuit disagreed, finding that the district court "undertook a careful and considered balancing of the probative value of the prior conviction and the potential for unfair prejudice to the defendant," and thus concluded that the district court did not abuse its discretion in admitting evidence of Mr. Kalac's prior conviction. *United States v. Kalac*, 655 F. App'x 559, 561 (9th Cir. 2016).

On July 18, 2017, Mr. Kalac filed the instant § 2255 petition contending that he was denied a *Franks* hearing and alleging prosecutorial misconduct. Dkt. # 1. Mr. Kalac also contends that his trial counsel was ineffective. *Id*. The Government opposes the motion. Dkt. # 7.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set

ORDER – 2

aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

Under 28 U.S.C. § 2253(c), there is no right to appeal from a final order in a proceeding under section 2255 unless a circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

### III. DISCUSSION
#### A. Fourth Amendment

In the instant habeas petition, Mr. Kalac contends that he was denied a *Franks* hearing. Dkt. # 1 at 4. Mr. Kalac is procedurally barred from raising this Fourth Amendment claim because he had a full and fair opportunity to litigate this claim. Mr. Kalac filed a pre-trial motion requesting a *Franks* hearing, contending that the search warrant affidavit utilized to secure a search warrant contained reckless or intentional false statements. *Kalac,* Case No. CR13-224-RAJ, Dkt. # 21. To obtain a *Franks* hearing, the defendant must make a substantial showing that the alleged misrepresentations or omissions were false statements made deliberately or recklessly. *United States v. Gonzales, Inc.*, 412 F.3d 1102, 1110 (9th Cir. 2005).

The Court denied Mr. Kalac's pre-trial motion for a *Franks* hearing in part because the three alleged omissions presented in his motion collectively or individually did not meet the materiality standard to warrant a *Franks* hearing. *Kalac,* Case No. CR13-224-RAJ, Dkt. # 42 at 2. Because Mr. Kalac had an opportunity to litigate this claim, his request for relief on Ground 1 in the instant habeas petition is **DENIED**. *See Stone v. Powell*, 428 U.S. 465, 494 (1978) (stating that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial).

ORDER – 3

**B. Prosecutorial Misconduct**

Mr. Kalac contends that his Due Process rights were violated when the federal prosecutor knowingly introduced false testimony at his trial through Deputy Phillips. Dkt. # 1 at 4. To establish a *Mooney-Napue* claim[1] for false testimony, Mr. Kalac must show that: "(1) the testimony (or evidence) was actually false; (2) the prosecution knew or should have known that the testimony was actually false; and (3) the false testimony was material." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003). The *Mooney-Napue* materiality standard is "less demanding" than the materiality standard for a *Brady*[2] claim. *Reis-Campos v. Biter*, 832 F.3d 968, 976 (9th Cir. 2016). Under the *Mooney-Napue* line of cases, "a conviction must be set aside whenever there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* (internal quotations, citation, and emphasis omitted).

For his *Mooney-Napue* claim, Mr. Kalac made no specific allegations to support his contention that the federal prosecutor knowingly allowed false testimony at his trial. In addition, Mr. Kalac failed to show how any alleged false testimony affected the judgment of the jury. Further, Mr. Kalac had an opportunity to challenge the testimony of Deputy Phillips at trial. In fact, Mr. Kalac's trial counsel successfully argued for Final Jury Instruction No. 12.[3] *Kalac,* Case No. CR13-224-RAJ, Dkt. 118 at 11. The jury

---

[1] In *Mooney*, the Supreme Court found that a conviction obtained through the use of perjured testimony violates due process. *Mooney v. Holohan*, 294 U.S. 103, 112 (1935). *Napue* expanded *Mooney* to encompass false testimony bearing only on the credibility of a witness. *Napue v. People of State of Ill.*, 360 U.S. 264, 269 (1959). For convenience, courts within the Ninth Circuit refer to Mr. Kalac's prosecutorial misconduct claim as a "Mooney-Napue claim." *See Morris v. Ylst*, 447 F.3d 735, 743 (9th Cir. 2006); *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003) (discussing elements of a "Mooney-Napue claim").

[2] Under *Brady v. Maryland*, 373 U.S. 83 (1963), suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment.

[3] Instruction No. 12 reads:
> You have heard evidence that Snohomish County Sheriff's Deputy Ryan Phillips has testified under oath in prior cases in which the judges hearing those cases found that his testimony was not credible. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give the testimony of this witness.

ORDER – 4

instruction stated in part that Deputy Phillips "testified under oath in prior cases in which the judges hearing those cases found that his testimony was not credible," and that the jury "may consider this evidence in deciding whether or not to believe this witness and how much weight to give the testimony of this witness." *Id*. Nonetheless, Mr. Kalac has not demonstrated that the testimony of Deputy Phillips was false, and he has not established that the federal prosecutor knew the alleged false testimony was false. Mr. Kalac failed to carry his burden on his *Mooney-Napue* claim, and therefore the Court **DENIES** this claim.

### C. Exculpatory Evidence

Mr. Kalac also alleges that a backpack and currency are missing, and the alleged loss of exculpatory evidence deprived him of a fair trial. Dkt. # 1 at 4. The government violates a defendant's due process rights if the unavailable evidence possessed "exculpatory value that was apparent before the evidence was destroyed, and is of such nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993) (quoting *California v. Trombetta*, 467 U.S. 479, 489 (1984)). A defendant must "demonstrate that the police acted in bad faith in failing to preserve the potentially useful evidence." *Id.* (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)).

Mr. Kalac alleges that the government violated his due process rights when sheriff deputies failed to preserve a backpack and currency found during his arrest. However, Mr. Kalac failed to demonstrate the alleged exculpatory value of these items. Even if he had demonstrated that the evidence had apparent exculpatory value, Mr. Kalac failed to show the presence of bad faith on the part of the police. *See Arizona*, 488 U.S. at 58 (stating that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law). Mr. Kalac failed to carry his burden on this claim and therefore the Court **DENIES** the claim.

ORDER – 5

**D. Ineffective Assistance of Counsel**

Finally, Mr. Kalac's § 2255 petition seeks relief based on a claim of ineffective assistance of trial counsel. Dkt. # 1 at 5. To establish a claim for ineffective assistance of counsel, Mr. Kalac must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first step requires showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In applying this first step, courts "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation marks and citation omitted). The second step requires showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

Mr. Kalac cannot make the requisite showing for ineffective assistance of counsel under *Strickland*. Mr. Kalac contends that his trial counsel was ineffective because she did not file a motion for reconsideration of the suppression motion, obtain a material witness warrant, and that his trial counsel did not properly defend him despite having well over a year to prepare for trial. Dkt. # 1 at 5. Specifically, Mr. Kalac contends that trial counsel was deficient because she failed to seek a material witness warrant to call Ms. Tolbert to testify at trial. Dkt. # 1 at 5. This issue implicates attorney strategy. Mr. Kalac's trial counsel had an opportunity to seek a material witness warrant for Ms. Tolbert but decided not to call her to testify at trial. *Kalac,* Case No. CR13-224-RAJ, Dkt. # 161 at 5. Mr. Kalac's disagreement with trial counsel's strategy after conviction does not constitute deficient performance on the part of trial counsel. *See Strickland,* 466 U.S. at 689-91. Nonetheless, even assuming that Mr. Kalac's bald allegations are true, they are too vague and conclusory to sufficiently bring a claim for ineffective assistance

ORDER – 6

of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating that vague and conclusory allegations of ineffective assistance of counsel do not require an evidentiary hearing in denying a clearly inadequate allegation). Because Mr. Kalac failed to demonstrate that his trial counsel's performance was inadequate or prejudicial, the Court **DENIES** his *Strickland* claim.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Joseph R. Kalac's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. # 1) and directs the clerk to **DISMISS** this action and enter judgment for the Government. The Court finds that reasonable jurists would not debate the resolution of this motion. Accordingly, the Court declines to issue a certificate of appealability. *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 18th day of April, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 7